UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIS BRYANT HONORS, JR.,

    Plaintiff,

v.                                    Case No. 8:10-cv-22-T-33AEP

SHERIFF GRADY JUDD,
FNU RIVERA,
FNU REED,

    Defendants.

## **O R D E R**

This cause is before the Court on Defendants' Rule 12(b)(6) motion to dismiss Plaintiff Ellis Bryant Honors' 42 U.S.C. § 1983 civil rights complaint. (Doc. 15).

### BACKGROUND

Plaintiff Honors, who is now incarcerated in the Florida Department of Corrections, was a pre-trial detainee at the Polk County Jail, Polk County, Florida, when he filed his pro se 42 U.S.C. § 1983 civil rights complaint alleging that detention officers Rivera and Reed violated his Eighth Amendment right to be free from cruel and unusual punishment.[1] In support of his complaint, Honors alleges:

> On 10-14-09, I was an inmate at Polk County Jail and Rivera and Reed were employed as detention officers. Approx. 5:00 a.m. Officer Reed entered my cell while I was eating breakfast belligerently accusing me of eating breakfast twice to which I denied act. Officer Reed ordered me to exit cell and dorm. While compling [sic] with this verbal order Officer Reed became enraged at the statement I made that she was a liar. At that time, Officer Reed violently grabbed hold of me reaching for my neck/head/shoulder area without any provocation or

---

[1] The Fourteenth Amendment applies the same standard to pre-trial detainees.

resistance on my part. I attempted to protect myself from this attack at which point Officer Rivera immediately attacked me without any knowledge of situation. Both officers grabbed my arms and violently forced me out of dorm to which I did absolutely no resisting. Officers forced me beyond secure holding cells and drove me into corner and began twisting my arms, my fingers/ hands to which I asked why are you doing this to me.

Officer Rivera then again without any provocation and both arms behind my back and an officer on each arm violently began to spray me directly in the face from approx. 2 inches with a chemical agent. Officer Rivera pulled his arm back and then repeated the process of again spraying me directly in the face/eyes with chemical agent while my hands/arms were directly behind my back and no resistance. Officer Reed and Rivera then handcuffed behind back and unmercifully and violently threw me into cage face first into the wall were [sic] my face hit wall and I was unable to stop collision due to arms behind back. I was left in this position with chemical agent burning my face/eyes/mouth for at least 15 minutes with no possible way to remove agent from my body before being sent for medical attention. This entire incident from start to finish was captured on jail security video system which unequivocally supports my claim. Further I was taken to medical dept. and treated for head wound, extreme burning of face and eyes and headache.

I continue to undergo medical treatment due to the injuries I sustained at the hands of officers including extreme eye irritant and lost [sic] of some vision and control of left eye, headaches and scarring around the eye area from being burned by chemical agent.

On 10-14-09, I was written an Inmate Disciplinary Report (see attached)[2] by Officer Reed for the alleged infraction "Disobeying Verbal Order." "Inmate Honors failed to comply with a verbal order instructing him to exit the dorm."

On 10-23-09 the Polk County Jail Disciplinary Report Committee found me "Not Guilty" of these false allegations based on the Inmate testimony, deputy report and video. (See attached).[3] On 10-15-09 I completed an inmate Sheriff's Interview Request to speak with Detective to pursue criminal charges against officers. No response. On 10-23-09 called Sheriff's Dept. Criminal Hotline to report assault and request interview with Detective. No interview. On Approx. 10-21-09

---

[2] The document was not attached to the complaint.

[3] The document was not attached to the complaint.

2

in response to Inmate Grievance I filed against Officers, Lt. Henry called me to Lt. Office and reviewed video film with myself, Sgt. and Detention Deputy. Lt. Henry attempted to manipulate the video in order to discourage me from my pursuit of justice and imply the video showed what it didn't. For instance, he sped past certain incidents and slowed down were [sic] I pulled away from deputy, sped past were [sic] I was sprayed twice by officer and verbally insisted I was sprayed only once. Lt. Henry assured me I would receive his response within 4 days. Approx. 4 days later administrative Lt. called me to inquire as to whether I'd received response to grievance. I stated No I have not heard a single word since that date. I believe the admin. received Lt. Henry response didn't agree and did not want me to receive a copy and ordered Lt. Henry silent.

On 10-24-09 wrote official notice of lawsuit to county attorney Michael Craig and mailed along with entire narrative of incident. I have received no response as of this writing. On 10-24-09 I mailed a complete narrative of incident to Polk County Commissioner Randy Wilkerson. No response. On 10-26-09 I wrote complete narrative of incident to Polk County Sheriff's Dept. Legal Affairs Director Cassandra Denmark. Again no response. In each notice I asked for Independent Investigation.

Approx. Nov. 18-09 while assigned to Q Dorm Housing Officer Rivera come [sic] to area to deliver inmate and stated to me "he should have blinded by Black Ass." And began to laugh at me. Again I must re-iterate [sic] that this violent aggravated battery was done with absolutely no provocation or resistance on my behalf and even the Polk County Jail disciplinary committee admits that I did not fail to comply with any orders of officers. I am constantly in fear of my life because of threats of retaliation from Officer Reed whose husband is a Sgt. with this dept. The video evidence is unequivocally clear that Officer Reed violently attacked me without provocation and in the process grabbed a hand/fistful of my shirt in a violent manner in an apparent assault on my body to which Officer Rivers immediately joined causing me severe physically [sic] emotional and mental injuries.

Honors seeks a trial by jury, and compensatory and punitive monetary damages.

Honors also seeks to have "Polk County Jail be ordered to under go further training of its staff and be ordered to implement true grievance system." Honors also "would like to have

this Court to order Sheriff to file aggravated battery charges against Officers Reed and Rivera."

## STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

The Court must view the complaint in the light most favorable to the plaintiff. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). The rules of pleading require only that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2), Fed.R.Civ.P. The plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007). As a general proposition (and setting aside for the moment the special pleading requirements that attach to § 1983 claims subject to a qualified immunity defense), the rules of pleading do "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. Judicial inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson*, 127 S.Ct. at 2200 (quoting *Twombly*, 127 S.Ct. at 1964). Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. *Twombly,* 550 U.S. 544, 127 S. Ct. at 1965.

*Twombly* applies to § 1983 prisoner actions. *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008). As the Eleventh Circuit has explained, "[w]e understand *Twombly* as a further articulation of the standard by which to evaluate the sufficiency of all claims brought pursuant to Rule 8(a)." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 n. 43 (11th Cir. 2008).

A Complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lopez v. First Union Nat'l Bank*, 129 F.3d 1186, 1189 (11th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). On a motion to dismiss, the Court limits its considerations to the pleadings and exhibits attached thereto. *GSW v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

DISCUSSION

Defendant Sheriff Judd

Plaintiff Honors does not mention Polk County Sheriff Grady Judd in his complaint, except to name him as a Defendant. He does not allege what, if any actions, the sheriff took in his individual or official capacity that constitute deliberate indifference in order to violate Plaintiff's right to be free from cruel and unusual punishment. It appears that Plaintiff Honors is attempting to hold Sheriff Grady Judd liable under the theory of *respondeat superior*. *Respondeat superior*, however, is not actionable in 42 U.S.C. §1983 complaints. The Eleventh Circuit has stated that:

> Like municipalities, supervisors cannot be held liable for the acts of employees solely on the basis of *respondeat superior*. *McLaughlin v. City of LaGrange*, 662 F.2d 1385, 1388 (11th Cir. 1981), *cert. denied*, 456 U.S. 979, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Supervisory liability is not limited, however, to those incidents in which the supervisor personally participates in the deprivation. *Goodson v. City of Atlanta*, 763 F.2d 1381, 1389 (11th Cir. 1985); *Wilson v. Attaway*, 757 F.2d 1227, 1241 (11th Cir. 1985); *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976). There must be a causal connection between the actions of the supervisory official and the alleged deprivation. *Wilson*, 757 F.2d at 1241; *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979). This causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need for improved training or supervision, and the official

fails to take corrective action. *Wilson*, 757 F.2d at 1241; *Sims*, 537 F.2d at 832.

*Fundiller v. City of Cooper City*, 777 F.2d 1436, 1443 (11th Cir.1985). *See Goebert v. Lee County*, 510 F.3d 1312 (11th Cir. 2007) in which the Eleventh Circuit stated:

> The Sheriff had no direct contact with Goebert. The basis for her claim against him is his office's supervisory responsibilities over the jail. We do not recognize vicarious liability, including *respondeat superior*, in § 1983 actions. *Cottone*, 326 F.3d at 1360. In order to establish that a defendant committed a constitutional violation in his supervisory capacity, a plaintiff must show that the defendant instituted a "custom or policy [that] result[s] in deliberate indifference to constitutional rights or ... directed [his] subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir.2007) (per curiam) (first and second alterations in original) (internal quotation marks omitted) (quoting *Cottone*, 326 F.3d at 1360).
>
> As we have explained, "[a] policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). A custom is an unwritten practice that is applied consistently enough to have the same effect as a policy with the force of law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 926, 99 L.Ed.2d 107 (1988). Demonstrating a policy or custom requires "show[ing] a persistent and wide-spread practice." *Depew v. City of St. Mary's, Ga.*, 787 F.2d 1496, 1499 (11th Cir.1986).
>
> Goebert's official capacity claim against Sheriff Scott relies on the Lee County Jail's policy of not permitting inmates to lie down during the daytime without a pass coupled with the staff's failure to issue such passes when medically necessary. The policy of not permitting inmates to lie down at their leisure during the daytime is a reasonable one. It certainly is not facially unconstitutional. Goebert's claim, in effect, is that this facially constitutional policy was implemented in an unconstitutional manner-one that ignored medical needs.
>
> Our decisions establish that supervisory liability for deliberate indifference based on the implementation of a facially constitutional policy requires the plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations. *See West*, 496 F.3d at 1329 (" 'The deprivations that constitute widespread

abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.' " (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999)); *Mathews v. Crosby*, 480 F.3d 1265, 1271 (11th Cir.), *petition for cert. filed*, 76 U.S.L.W. 3050 (U.S. Jul. 23, 2007) (No. 07-86) (reviewing the facts in the light most favorable to the plaintiff to determine "whether [a prison warden] was put on notice by a history of widespread abuse at [the prison], or whether he had established customs or policies resulting in deliberate indifference to a prisoner's constitutional rights"); *Marsh*, 268 F.3d at 1037 ("Unless a policymaker knows of the need [to remedy an unconstitutional condition], no liability can arise from failure [to do so]."). As the Supreme Court has stated, " 'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382, 1391, 137 L.Ed.2d 626 (1997).

Goebert has not shown that the Sheriff had actual knowledge that the lie-in pass policy was being implemented in a way that ignored medical needs. There is no evidence that he knew that, if it was a fact. Nor has Goebert shown that the misapplication of the policy was so widespread that we can attribute constructive knowledge to the Sheriff. In fact, she has not shown that any other inmate had ever been denied a lie-in pass when needed for medical reasons. As a result, she has "failed to meet the 'extremely rigorous' standard for supervisory liability." *West*, 496 F.3d at 1329 (quoting *Cottone*, 326 F.3d at 1360). The district court correctly granted summary judgment to Sheriff Scott.

510 F.3d at 1331, 1332. See *also, Bozeman v. Orum*, 199 F. Supp 2d 1216 (M.D. Ala. 2002). Honors has not met the standard for holding Defendant Sheriff Grady Judd liable under the theory of *respondeat superior.*

Defendants Rivera and Reed

Defendants Rivera and Reed contend that the complaint should be dismissed because Honors did not comply with the Prison Litigation Reform requiring an inmate to exhaust his available administrative remedies before filing a complaint.

Honors states that he attempted to exhaust his administrative remedies, but received no answers to his grievances, specifically from Lieutenant Henry. In addition, he

7

contends that the Polk County Jail Disciplinary Report Committee found him "Not Guilty" of "these false allegations based on the Inmate testimony, deputy report and video."

Honors is no longer incarcerated in the Polk County Jail and cannot exhaust his administrative remedies, whatever they are at this point.

## CONCLUSION

After reading Honors' complaint in a liberal fashion, the Court finds that Plaintiff Honors can prove no set of facts in support of his claim against Defendant Sheriff Grady Judd that would entitle him to relief. However, the Court is not satisfied that Honors can prove no facts in support of his claims against Defendants Rivera and Reed that would entitle him to relief.

Accordingly, the Court orders:

1. That Defendant Sheriff Judd's motion to dismiss (Doc. 15) is granted. The Clerk is directed to enter judgment in favor of Sheriff Judd.

2. That Defendants Rivera's and Reed's motion to dismiss (Doc. 15) is denied.

3. That Defendants Rivera and Reed shall timely file their answer.

ORDERED at Tampa, Florida, on August 31, 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ellis Bryant Honors, Jr.

8