UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELLIS BRYANT HONORS, JR.,

                Plaintiff,

v.                          Case No. 8:10-cv-22-T-33AEP

SHERIFF GRADY JUDD,
FNU RIVERA,
FNU REED,

                Defendants.

_____

## O R D E R

This cause is before the Court on Defendants Rivera and Reed's motion for summary judgment (Doc. 32) and Plaintiff Honors' response in opposition to the motion (Doc. 37). The Court previously entered an order dismissing all claims against Defendant Sheriff Grady Judd. (Doc. 18).

Because there is no genuine issue of material fact remaining, Defendants are entitled to summary judgment as a matter of law.

### Plaintiff's Allegations

Plaintiff Honors alleges:

On 10-14-09 I was an inmate at Polk County Jail and Rivera and Reed were employed as Detention Officers.  Approx. 5:00 a.m. Officer Reed entered my cell while I was eating breakfast belligerently accusing me of eating breakfast twice to which I denied act.  Officer Reed ordered me to exit cell and dorm, while compling [sic] with this verbal order Officer Reed became enraged at the statement I made that she was a liar.  At that time, Officer Reed violently grabbed hold of me reaching for my neck/head shoulder area without any provocation or resistance on my part. I attempted to protect myself from this attack at which point officer Rivera immediately attacked me without any

knowledge of situation.  Both officers grabbed my arms and violently forced me out of dorm to which I did absolutely no resisting.  Officers force me beyond secure holding cells and drove me into corner and began twisting my arms, my fingers/hands to which I asked why are you doing this to me.  Officer Rivera then again without any provocation and both arms behind my back and an officer on each arm violently began to spray me directly in the face from approx. 2 inches with a chemical agent.  Officer Rivera pulled his arm back and then repeated the process of again spraying my hands/arms [indecipherable word] directly behind my back and no resistance.  Officer Reed and Rivera then handcuffed behind back and unmercifully and violently threw me into cage face first into the wall were [sic] my face hit wall and I was unable to stop collision due to arms behind back. I was left in this position with chemical agent burning my face/eyes/mouth for at least 15 minutes with no possible way to remove agent from my body before being sent for medical attention.  This entire incident from start to finish was captured on jail security video system which unequivocally support [sic] my claim.  Further, I was taken to medical dept. and treated for head wound, extreme burning of face and eyes and headache. I continue to undergo medical treatment due to the injuries I sustained at the hands of officers including extreme eye irritation, lost [sic] of some vision and control of left eye, headaches and scarring around the eye area from being burned by chemical agent.  On 10-14-09 I was written an Inmate Disciplinary Report (see attached) by Officer Reed for the alleged infraction "Disobeying Verbal Order" "Inmate Honors failed to comply with a verbal order instructing him to exit the Dorm."  On 10-23-09 the Polk County Jail Disciplinary Report Committee found me "Not Guilty" of these false allegations "Based on the Inmate testimony, deputy report and video." (See attached).  On 10-15-09 I completed an inmate Sheriff Interview Request to speak with Detective to pursue criminal charges against officers.  No response. On 10-23-09 called Sheriffs Dept. Criminal Hotline to report assault and request interview with Detective.  No interview.  On appx. 10-21-09 in response to Inmate Grievance I filed against Officers, Lt. Henry called me to Lt. Office and reviewed video film with myself, sgt. and detention deputy.  Lt. Henry attempted to manipulate the video in order to discourage me from my pursuit of justice and imply the video showed what it didn't.   For instance, he sped past certain incidents and slowed down were [sic] I pulled away from deputy, sped past were [sic] I was sprayed twice by officer and verbally insisted I was sprayed only once. Lt. Henry assured me I would receive [sic] his response within 4 days.  Approx. 4 days later, Administrative Lt. called me to inquire as to whether I'd received response to grievance.  I stated no, I have not heard a single word since that date.  I believe the admin [sic]  recieved [sic] response. Lt. Henry response didn't agree and did not want me to receive [sic] a copy and ordered Lt. Henry silent. On 10-24-09 wrote official notice of lawsuit to county attorney Michael Craig and mailed along with entire narrative of incident.  I have recieved [sic] no response as of this writing.  On 10-24-09 I mailed a complete narrative of incident to Polk County Commissioner Randy Wilderson.  No response.  On 10-26-09 I wrote complete narrative of incident to Polk County Sheriff's Dept. Legal Affairs Director Cassandra Denmark. Again no response.  In each notice I asked for independent investigation.  Approx. Nov. 18-09 while assigned to Q-Dorm

> Housing Officer Rivera come to area to deliver inmate and stated that "he should have blinded my Black ass" and began to laugh at me. Again I must reiterate that this violent aggravated battery was done with absolutely no provocation or resistance on my behalf and even the Polk County Jail Disciplinary Committee admits that I did not fail to comply with any orders of officers. I am constantly in fear of my life because of threats of retaliation from Officer Reed whose husband is a sgt. with this Dept. The video evidence is unequovocally [sic] clear that Officer Reed violently attacked me without provocation and in the process grabbed a handful of my shirt in a violent manner in an apparent assault on my body to which Officer Rivera immediately joined causing me severe physically, [sic] emotion and mental injuries.

(Civil Rights Complaint; Doc. 1).

Honors seeks punitive and compensatory damages and other non-monetary damages related to training, grievances and aggravated battery charges against Rivera and Reed. Id.

### Defendants' Allegations

Honors alleges that while he was incarcerated he was subjected to excessive force in violation of the Eighth Amendment when he was forced out of a dorm, sprayed with mace and placed in a holding cell.[1] (Civil Rights Complaint; Doc. 1).

At the time of the incident(s), Honors was a pretrial detainee at the Polk County Jail and Rivera and Reed were Detention Deputies with the Polk County Sheriff's Office. (Affidavit of Luis Rivera; Affidavit of Dana Reed). Honors is now incarcerated in the Florida Department of Corrections

Just prior to the subject incident, Reed entered a dorm to speak with Honors about

---

[1] Pretrial detainees, who are not protected by the Eighth Amendment, can bring the same claims under the Fourteenth Amendment. *See Bozeman v. Orum*, 422 F.3d 1265, 1271 (11th Cir.2005) ("[I]t makes no difference whether [the plaintiff] was a pretrial detainee or a convicted prisoner because 'the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving ... pretrial detainees.'" (omission in original) (citation omitted)).

3

a diet tray. Id. At that time, Honors became verbally belligerent and Reed instructed Honors to step out of the dorm. Id. When Honors approached the door, he began to walk away and Reed gave him a "guiding touch" toward the door. Id. At that time, Honors  pulled away, almost striking her in the face. Id. Reed then grabbed Honors' right arm and Rivera grabbed his left arm and they directed him to the door. Id. Honors continued to resist their efforts to gain control of him. While resisting their efforts to gain control of him, Honors was escorted to the building F vestibule,  where he was placed against the vestibule wall closest to the hallway door. Id. Detention Deputy Means called for assistance. Id. In order to gain control of Honors, Rivera sprayed Honors in the facial area with chemical agent Freeze +P2K3. Id.

After being sprayed with chemical agent, Honors complied with Rivera and Reed's verbal commands to stop resisting and was placed in handcuffs. Id.  Honors was then placed in the holding cell. Id. He was subsequently examined by a nurse who noted no injuries from the protective action other than the normal effects of the chemical agent. Id. Honors was returned to the dorm without further incident and given an opportunity to wash the chemical agent from his face. Id. Rivera and Reed notified their supervisor and prepared a Protective Action Report. Id. Throughout the whole ordeal, Honors was actively resisting Rivera and Reed's commands. Id. The protective action used by Rivera and Reed was approved by their supervisors and was done in accordance with the polices and procedures of the Polk County Sheriff's Office that relate to the use of force and protective action. Id. The force used on Honors was not excessive and was reasonable and necessary. Id.  Defendants contend that the acts about which Honors complains were not done maliciously and sadistically for the very purpose of causing harm and did not violate

Honors' constitutional rights.

## SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to examine the evidence to determine whether or not there is a genuine issue of material fact requiring a trial. *Matsushita Elec. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of fact and compels judgment as a matter of law." *Swisher Int'l, Inc. v. Schafer*, 550 F.3d 1046, 1050 (11th Cir.2008); Fed.R.Civ.P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). The standard for creating a genuine dispute of fact requires courts to make all reasonable inferences in favor of the party opposing summary judgment, *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir.2000) (en banc), not to make all possible inferences in the non-moving party's favor. Further, "allegations in affidavits must be based on personal knowledge, and not be based, even in part, 'upon information and belief.' " *Pittman v. Tucker*, 213 Fed. Appx. 867, 870 (11th Cir.2007) (quoting *Pace v. Capobianco*, 283 F.3d 1275, 1278 (11th Cir.2002)). Rule 56(e) provides that an affidavit submitted in conjunction with a summary judgment motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the

matters stated." Fed.R.Civ.P. 56(e).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion "bears the burden of persuasion" and must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, and "set forth specific facts showing that there is a genuine issue for trial." *Beard v. Banks*, 548 U.S. 521, 529 (2006) (citations omitted); *Celotex,* 477 U.S. at 322; *Hilburn v. Murata Electronics North America, Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and "all justifiable inferences" must be drawn in favor of the non-moving party. *Beard,* 548 U.S. at 529 (citations omitted); *Shotz v. City of Plantation, Fl.*, 344 F.3d 1161, 1164 (11th Cir. 2003). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court "must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, [the court's] inferences must accord deference to the views of prison authorities." *Beard,* 548 U.S. at 530. "A court need not permit a case to go to a jury, however, when the inferences that are drawn from the evidence, and upon which the non-movant relies, are 'implausible.' " *Cuesta v. School Bd. of Miami-Dade County*, 285 F.3d 962, 970 (11th Cir.2002) (citations omitted). Nor are conclusory allegations based on subjective beliefs sufficient to create a genuine issue of material fact. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000); see also *Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997) (stating that plaintiff's

"conclusory assertions ... in the absence of supporting evidence, are insufficient to withstand summary judgment"); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir.1995) (finding that inmates failure to produce "nothing, beyond his own conclusory allegations" to demonstrate defendant's actions "motivated by retaliatory animus" warrants grant of summary judgment in favor of defendant). In the summary judgment context, the Court must construe pro se pleadings more liberally than those of a party represented by an attorney. *Loren v. Sasser*, 309 F.3d 1296, 1301 (11th Cir. 2002).

## DISCUSSION

### EXCESSIVE FORCE

Mere negligence or incompetence is insufficient to establish a constitutional violation. *See Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986); *Kelley v. Hicks*, 400 F.3d1282 (11th Cir. 2005). Whether or not a detention deputy's application of force is actionable turns on "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320-321 (1986) (quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir. 1973)). In order to have a valid claim of excessive force on the merits in violation of the Eighth Amendment Cruel and Unusual Punishment Clause, "the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." *Johnson v. Breeden*, 280 F.3d 1308, 1322 (11th Cir. 2002). Given what a pretrial detainee must prove to succeed, the Eleventh Circuit has held that qualified immunity would not be available for such a claim. *Id.*

To determine whether force was applied "maliciously and sadistically," courts consider the following factors: "(1) the extent of injury; (2) the need for application of force; (3) the

7

relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (quotations and citations omitted). "Prison guards may use force when necessary to restore order and need not wait until disturbances reach dangerous proportions before responding." *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990). Furthermore, "[i]t is not *per* se unconstitutional for guards to spray mace at prisoners confined in their cells." *Fischer v. FNU Waite*, 2008 WL4279683 (Sept. 6, 2008, M.D. Fla.); *see Danley v. Allen*, 540 F.3d 1298, 1303 (11 th Cir. 2008) ("[P]epper spray is an accepted non- lethal means of controlling unruly inmates .... "); *id.* at 1307 ("If there were nothing before us but the initial use of pepper spray ... we would readily conclude that there was no Fourteenth Amendment Violation."), *overruled on other grounds*, *Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010) .

In *Brown v. Smith*, 813 F.2d 1187 (11th Cir. 1987), the Eleventh Circuit affirmed a summary judgment entered in favor of a guard where he used force when an inmate refused to enter his cell when ordered to do so. The court noted that a prisoner may avoid summary judgment "only if the evidence viewed in the light most favorable to him goes beyond a mere dispute over the reasonableness of the force used and will support a reliable inference of wantonness in the infliction of pain." *Id.* at 1188. "Neither the judge nor the jury is free to substitute its own judgment for that of the prison officials." *Id.* If there is not a reliable inference of wantonness in the infliction of pain, the case should not go to the jury. *Id.* at 1189. A prisoner's conclusory allegations that a guard acted with malice are not sufficient when the actual facts will not support a reliable inference of wantonness. *Id.* at 1190 n.4.

**THE PRESENT CASE**

Reed did not use mace on Honors. While Rivera did spray Honors with mace, it was not done maliciously and sadistically to cause harm. Rather, it was done to quell Honors' actions, restore order and gain compliance with commands Honors refused to obey. As stated above, the use of mace is not *per* se unconstitutional and its use in this case was appropriate. *See Muhammad v. Sapp*, 2010 WL3394739 (Aug. 26, 2010, M.D. Fla.) (granting summary judgment for defendants where they used chemical agent on Plaintiff who was creating a disturbance and refused to stop his disruptive behavior). Furthermore, viewing the evidence in the light most favorable to Honors, there is nothing that would support a reliable inference of wantonness in the infliction of pain, the absence of which prevents this case from going to the jury.

As detailed above, Honors was verbally belligerent and was instructed to exit the dorm. While he started toward the door, he began to veer off and was given a "guiding touch" by Reed. Honors then pulled away, almost striking her in the face. Reed and Rivera then grabbed Honors' arms and directed him to the door. They then escorted him toward the area where the holding cells were located. During this whole ordeal, verbal commands were ignored and Honors resisted their efforts to gain control of him. In order to gain control of Honors, Rivera sprayed him in the facial area with mace. After being sprayed with mace, Honors complied with the verbal commands to stop resisting and was placed in handcuffs. Honors was subsequently examined by a nurse and given an opportunity to wash his face. The protective action used by Rivera and Reed was approved by their supervisors and was done in accordance with the polices and procedures of the Polk County Sheriffs Office. Honors has not produced any evidence that supports a reliable inference of wantonness in the infliction of pain.  His conclusory allegations are insufficient to meet this burden.

<u>Failure To Follow Verbal Order</u>

Honors was found not guilty of disobeying a verbal order.  (See Inmate Disciplinary Report

attached to Honors' response to motion for summary judgment.)   However, as revealed in the

Department of Detention Security Division's response to Honors' Inmate Grievance, that fact does

not change the outcome of this case.   Honors sought further investigation of the incident.   As a

result, Lieutenant Henry responded to Honors' Inmate Grievance on November 4, 2009.   (See

Department of Detention Security Division response attached to Honors' response to motion for

summary judgment.) Lieutenant Henry's response to Honors' grievance reads:

> In your grievance dated October 14, 2009, you state that at approximately 05:30 a.m. you were physically assaulted by two staff members, Deputy Reed and Deputy Rivera.   You also state that when you exiting the dorm, you stopped to place your meal tray on the sink counter when Deputy Reed reached out violently to collar you. Then both Deputy Reed and Rivera grabbed you and escorted you into the vestibule and towards the open cage.   You state the deputies pushed you past the cage and continued to assault you.   Next, Deputy Rivera sprayed you with pepper spray directly in your face two times.
>
> I have previously spoken with you regarding this complaint and you requested I look into this incident and provide my opinion of the situation.   I informed you that I would review the video surveillance, speak with the members involved, and speak with Deputy Iles, the Disciplinary Board Chairman.
>
> After speaking with the above listed individuals and reviewing the video, I feel I can better respond to the issues listed in your grievance.   I will address each point.   By your own admission you were given a verbal order to exit the dorm.   Instead of exiting the dorm, you veered from your path to the dormitory door to place your tray on the sink counter.   You were not instructed to do so.   Therefore, Deputy Reed grabbed your right shirt sleeve to guide you towards the door, not in a violent manner as you suggested in your complaint.   Once Deputy Reed attempted to guide you towards the door, you violently pulled your arm away from her grasp almost striking her in the face and defeated her efforts.   Then Deputy Rivera and Deputy Reed removed you from the dormitory and escorted you towards the cage. However, the cage door was not open, as you stated in your grievance, and they placed you against the wall adjacent to the cage.   A struggle ensued between yourself and the deputies attempting to get your hands behind your back so that wrist restraints could be applied.   As an alternative to using physical force, Deputy Rivera utilized chemical agent Freeze+P2K3, and sprayed you in your facial area using four short bursts due to you turning your head to avoid the chemical agent. Once compliance was achieved you were felony cuffed and placed in the holding cage.   By your own admission during our conversation, you stated that at any time you could have overpowered the deputies trying to restrain you.
>
> In your complaint you also stated you suffered physical injuries as a result of the altercation.   After being involved in this altercation, you were immediately escorted to the medical station where you were examined by the medical staff. No physical

injuries were noted by the medical staff, except for the normal reactions of being exposed to chemical agent, nor did you suggest to the medical staff that you were suffering any discomfort.

After review of this incident, I find your grievance to be **unfounded**. It is my belief that Deputy Reed and Deputy Rivera acted in accordance with agency policy. <u>Even though no disciplinary action was taken against you, you should have exited the dorm as instructed and this incident would not have occurred</u>.

In the future, I would advise you to follow all of the rules and regulations provided for you in the Inmate Handbook (PCSO Form 713). You have the right to be treated fairly, but you are also an inmate who must follow all verbal and written orders given to you by a deputy.

I take all inmate grievances seriously, especially those grievances alleging agency member misconduct where member's behavior can be substantiated. In those incidents member's misconduct will be addressed and dealt with accordingly.

If you have any additional comments or questions, please feel free to contact me via, Inmate Request Form.

(Bold emphasis in original; underlined emphasis added).

## PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA) "is intended to reduce the number of frivolous cases filed by imprisoned plaintiffs, who have little to lose and excessive amounts of free time with which to pursue their complaints." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). The PLRA provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without prior showing of physical injury." 42 U.S.C § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." 314 F.3d at 532 (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)).

Honors' claim is a "Federal civil action" and it is undisputed that Honors filed his complaint while he was in jail and that the damages complained of occurred while he was in custody. While the court in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), held that Section

1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages, Honors' claim does not fall within that narrow exception as he is seeking, among other things, an award of punitive and compensatory damages. *See Qualls v. Santa Rosa County Jail*, 2010 WL 785646 n.1[2] (Mar. 4, 2010, N.D. Fla.).

Though Section 1997e(e) does not define physical injury, the Eleventh Circuit has held that "to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than de minimus.*" Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002). While Honors makes such allegations, he cannot support them with record evidence.

Honors filed a copy of the Polk County Jail Incident Report as support for his response in opposition to Defendants' motion for summary judgment.  In that report, the supervisor stated, "Inmate Honors was taken to Mail Medical, where he was examined by Nurse Perez.  Nurse Perez noted no injuries to Inmate Honors resulting from the Protective Action, only the normal effects of exposure to the chemical agent."  That incident report

---

[2] Note 1 in *Qualis v. Santa Rosa County Jail* reads:

The Eleventh Circuit's decision in *Hughes v. Lott*, 350 F.3d 1157 (11th Cir. 2003), does not apply here. *Id.* at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only $250,000 in compensatory and/or punitive damages. *See, e.g., Sears v. Rabion*, No. 03-13558, 97 Fed.Appx. 906 (Table) (11th Cir. Feb.18, 2004) (affirming district court's sua sponte dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages).

does not support Honors' claim that he suffered more than a de minimis injury. Furthermore, Honors has not submitted any Florida Department of Corrections medical records to substantiate his claim that he continues to suffer from the effects of the chemical agent.

Honors has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial. *Celotex,* 477 U.S. at 322-23. Honors must show more than the existence of a "metaphysical doubt" regarding the material facts, *Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986), and a "scintilla" of evidence is insufficient. There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof. *Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Board of Education*, 93 F.3d 739, 742 (11th Cir.1996).

There is no basis in the record to support a claim that Honors' injury was more than de minimis. Plaintiff is not seeking nominal damages,[3] and under the circumstances, his claim is barred by the PLRA. *See Cooks v. Brannen*, 2007 WL2826068 (Sept. 25, 2007, N.D. Fla.) (granting summary judgment for defendants where they used chemical agent on plaintiff and there was no evidence of injury resulting from spray).

---

[3] In the relief section of the complaint, Honors states:

I would like the court to allow me to pursue this claim to a jury for the severe injuries I received at the hands of officers.  I would like punitive and compensatory money damages.  I would like Polk County Jail to be ordered to undergo further training of its staff and be ordered to implement a true grievance system.  I would like this Court to order Sheriff's dept. to file aggravated battery charges against Officers Reed and Rivera.

## HONORS' CLAIMS FOR INJUNCTIVE RELIEF

Honors seeks to have this Court order Polk County Jail to implement a true grievance system. This claim is moot. Honors is now incarcerated in the Florida Department of Corrections.  Because Honors is no longer incarcerated in the Polk County Jail, no order from this court requiring Polk County Jail officials to act in the manner Honors requests could have any effect on him. Furthermore, since Honors is no longer confined within the Polk  County Jail and there appears no reason to believe that he will again be in custody under the same circumstances, the narrow exception for cases that are capable of repetition yet evading review does not apply. *See, e.g., Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir.1986) (inmate's release from prison mooted claim for declaratory and injunctive relief); *Tucker v. Phyfer*, 819 F.2d 1030, 1035 (11th Cir.1987) (claim of prisoner seeking declaratory relief regarding conditions in which he was held as a juvenile became moot when he reached the age of majority); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred); *McKinnon v. Talladega County*, 745 F.2d 1360, 1363 (11th Cir.1984) (inmate's transfer to a different jail moots claim for declaratory and injunctive relief); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir.1984) (transfer from county jail to state prison mooted claims for injunctive and declaratory relief against county jailers).

Honors also seeks to have this Court order the Polk County Sheriff's Department to file aggravated battery charges against Officers Reed and Rivera. In essence, Plaintiff is claiming that he has a right to force the sheriff to file a criminal lawsuit against individuals.

Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a District Court may at

14

any time, upon motion or sua sponte, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir.2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n. 1 (5th Cir.1977)). "It is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. U.S. Army*, 639 F.2d 1100, 1102 (5th Cir.1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction even when a party has not challenged jurisdiction. *See, e.g., Univ. of S. Ala. v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.1999).

It is not clear from Honors' complaint the basis on which this Court could exercise jurisdiction to force the sheriff to file criminal charges against the defendant detention deputies. This Court only has jurisdiction to decide disputes between parties who reside in different states or disputes that arise from a violation of a federal law or the United States Constitution. Furthermore, an individual may not bring criminal charges against someone by filing a complaint in this Court. Rather, the individual should report alleged crimes to the local police or prosecutor who then determines whether charges should be filed.

For the reasons stated above, the Court orders:

That Defendants' motion for summary judgment (Doc. 32) is granted. The Clerk is directed to enter judgment for the Defendants and to close this case.

ORDERED at Tampa, Florida, on August 10, 2011.

Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Ellis B. Honors, Jr.